GILBERTO CASTRO PÉREZ, Petitioner, *v.* DISTRICT COURT OF HUMACAO, LUIS JANER LANDRÓN, JUDGE, Respondent.

No. 352. Argued May 29, 1941.—Decided June 4, 1941.

*V. Gutiérrez Franqui* and *M. Velázquez Flores,* for petitioner.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This case has to do with one of five mandamus filed in this Court on May 28, 1941, under numbers 352, 353, 354, 358 and 359 respectively. It is requested in each one of them that a writ of mandamus be issued ordering the District Court of Humacao to decree the dismissal and filing away of

a criminal case pending before said court against the petitioner, for the alleged reason that the trial was not held within the term of 120 days provided by Section 448 of the Code of Criminal Procedure. The facts in each and every one of the five cases are practically identical. We shall briefly state those of the petitioner Gilberto Castro Pérez, as they appear from the petition.

The information against Castro, for carrying a forbidden weapon, was filed on November 25, 1940. On December 9, 1940, upon being arraigned, the defendant requested and was granted a term of ten days within which to plead to the information, which term was extended, on petitioner's motion, until December 27, 1940. This term elapsed without the defendant entering any plea and the court, on the same December 27, ordered the clerk to enter a plea of not guilty. On March 14, 1941, that is, 77 days after the extension requested by the defendant had expired, the court set the trial for April 2, 1941.

It is true that from the date of the presentment of the information—November 25, 1940—until the date set for the trial—April 2, 1941—127 days elapsed. But it is no less true that of those 127 days, eighteen, that is, those comprised between December 9 and December 27, 1940, were fruitlessly spent by the defendant requesting terms and extensions within which to enter pleas which he never made, which reveals that it was his intention to delay the trial and not to secure the speedy trial to which he is entitled in accordance with the law.

It is not possible to permit that a defendant resort to dilatory tactics to prevent the trial from being held and that later he may invoke his own acts to complain because the trial was not held within the term fixed by the statute. If we discount from the 127 days the eighteen which elapsed from December 9 to December 27, 1940, it becomes evident that the actual term elapsed from the filing of the information until the date set for the trial, is reduced to 109 days.

See *People* v. *Valdespino*, 31 P.R.R. 500; *The People* v. *Díaz et al.*, 22 P.R.R. 177; *People* v. *Balzac*, 56 P.R.R. 622; *People* v. *Rodríguez*, 57 P.R.R. 20; *Gerardino* v. *People*, 29 F. (2d) 517.

As it appears from the averments of the petition that the petitioner has no right to the remedy which he requests, and further that the district court acted correctly in deciding that there was just cause to deny the motion for the dismissal and filing away of the case, we must deny the issuance of the writ requested.